IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| WELLS FARGO EQUIPMENT FINANCE, INC., | ] ] ] |
| Plaintiff, | ] ] |
| v. | ] CV-00-BE-3752-NE ] |
| ALABAMA FARMERS COOPERATIVE, INC., | ] ] ] |
| Defendant. | ] |

**MEMORANDUM OPINION**

This case is before the court on Plaintiff's "Motion to Alter or Amend Order Dated September 5, 2003" (Doc. 61), Defendant's "Motion to Alter or Amend Order Dated September 5, 2003" (Doc. 62), submissions in support and in opposition to those motions, and Plaintiff's 'Motion to Amend Answer to Counterclaim" (Doc. 67).

<u>Plaintiff's Motion to Alter or Amend: AFC's Negligence Claim</u>

In response to both motions to alter or amend, the court has reconsidered its rulings in its September 5, 2003 Order (Doc. 56). The court first addresses Plaintiff's motion regarding denial of summary judgment for the Plaintiff on Defendant's counterclaim count for negligence.

In the counterclaim (Doc. 9), Alabama Farmers Cooperative asserts, as Count IV, a claim of "Negligence/Wantonness." Specifically, AFC alleges that Wells Fargo owed it a duty of care in "the engineering, production, testing, monitoring, marketing, and leasing of the trailers referred to herein, as well as duties of disclosure in reporting of defects[,]" a "duty not to engage

1

in the wrongful practices alleged herein, or to permit such practices to occur, and the duty not to conceal such activities or their inadequate practices and methods."

In its brief, AFC asserted that its negligence claim was based on "(1) the failure to disclose to AFC that the trailers in question were not safe and not suitable for the purpose for which AFC leased them, i.e., hauling roll stock paper and (2) failure of Plaintiff to investigate and confirm that the trailers leased to [Wells Fargo] were capable of handling [AFC's] hauling needs." (Doc. 32, p. 21). AFC argued that Wells Fargo's duty to investigate, confirm and disclose arose from its superior knowledge:

> It is undisputed that [Wells Fargo] knew that [AFC] was going to use these trailers for dedicated hauls of roll stock paper. It is also undisputed that Jim Greer and Bobby Davis discussed this exact issue...Jim Greer and Davis discussed whether these 12" center trailers would haul paper, and Jim Greer was obligated to investigate and/or confirm that these 12" trailers would do the job. Simply put, Jim Greer (1) knew Dixieland's intent to haul paper, (2) discussed whether the 12" center trailers were appropriate for paper haul and (3) based upon his superior knowledge, had a duty to investigate and/or confirm the information and, if necessary, to warn of safety concerns and risks. <u>A jury must decide whether Plaintiff owed a duty</u> to FC to investigate and/or confirm whether the leased trailers were suitable and safe for the intended purpose of hauling paper.

(Doc. 32, p. 21) (emphasis added).

In the various briefs (Docs. 27, 33, 34) submitted in support of and in opposition to the cross-motions for summary judgment, the parties focused their arguments on whether the economic loss rule bars the negligence claim under Alabama law. *See Lloyd Wood Coal Co. v. Clark Equip. Co.,* 543 So. 2d 671, 673 (Ala. 1989). Following the parties' lead, the court focused on the economic loss rule as well. See Order (Doc. 56, p. 5).

In so doing, the court overlooked the basic preliminary element of a negligence claim: <u>duty</u>. The court disagrees with AFC's assertion, quoted above, that the existence of a duty is a

2

question for the jury. (See Doc. 32, p. 21). As the Alabama Supreme Court held; "the existence of a duty is a <u>question of law to be determined by the trial judge</u>. Simply stated, the question of duty is a judgment whether the law will impose responsibility on a party for its conduct toward another . . . [T]hat judgment is at heart one that requires an analysis informed by precedent and principles. In other words, a duty analysis is inherently a legal analysis that entails an intellectual process of identifying, weighing, and balancing a number of competing factors...[T]hat is an analysis our legal system recognizes is best undertaken by a judge." *See State Farm & Cas. Co. v. Owen*, 429 So.2d 834, 842-43 (Ala. 1998) (overruling a long line of Alabama precedent to the contrary) (emphasis added).

The more the court reviews AFC's counterclaim for negligence, both as pled in the complaint and argued in brief, the less distinction the court sees between its negligence claim and its fraudulent suppression claim previously dismissed. Whether addressing a fraudulent suppression claim or a negligence claim based on failure to disclose, as asserted in Count IV of the counterclaim, the threshold question is the same: did the defendant (or here, *counterclaim* defendant) have a <u>duty</u> to disclose the information withheld? The factors to be considered in determining whether a party had a duty to speak include:

> (1) the relationship of the parties; (2) the relative knowledge of the parties; (3) the value of the particular fact; (4) the plaintiff's opportunity to ascertain the fact[s]; (5) the customs of the trade; and (6) other relevant circumstances.

*State Farm Fire & Cas. Co. v. Owen,* 729 So. 2d at 842-43.

For the reasons stated in this court's September 5, 2003, ruling, the court finds that AFC failed to establish any bases for finding that Wells Fargo, or its predecessor in interest, had any duty to speak. Absent any duty, AFC's claim for negligence must fail. Therefore, the court must

alter and amend its prior ruling and grant summary judgment to Wells Fargo on Count IV of AFC's counterclaim and DISMISS AFC's negligence claim.

### AFC's Motion to Alter or Amend: AFC's Suppression Claim

AFC also asks the court to reconsider and alter and amend its September 5, 2003, ruling granting summary judgment in favor of the Plaintiff on AFC's counterclaim for fraudulent suppression (Doc. 62). Having reconsidered its ruling, the court concludes that it correctly found that Wells Fargo owed no duty to disclose the information withheld. Superior knowledge alone does not mandate a finding of a duty to speak. *See Owen,* 729 So. 2d at 843. When considering the other factors listed in *Owen* and balancing those factors, the court finds that the plaintiff/counterdefendant's knowledge was not a factor so sufficient to tip the scales in favor of a duty to disclose. AFC had numerous opportunities to inquire about the presence of 145 trailers and the circumstances surrounding their acquisition. Therefore, AFC's motion to amend the September 5 Order as to its suppression claim will be denied.

### Wells Fargo's Motion to Amend Answer

In anticipation of this court agreeing with AFC's position that two *distinct* duties exist to support claims of negligence and fraudulent suppression, Wells Fargo has moved to amend its answer so that it, too, may plead a counterclaim of negligence. As discussed above, no legal duty arose between these parties that would support a claim for either negligence or suppression. Thus, plaintiff's motion to amend is denied.

A separate order will be entered contemporaneously.

DONE and ORDERED this 26th day of November, 2003.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

5

DONE and ORDERED this 26th day of November, 2003.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

5